**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

TERRY TRIPLET                                                                                       PLAINTIFF

v.                                          No. 4:08CV04074 JLH

NORTHWEST AIRLINES, INC.; LITTLE ROCK
MUNICIPAL AIRPORT COMMISSION; and
CITY OF LITTLE ROCK, ARKANSAS                                                    DEFENDANTS

**OPINION AND ORDER**

Terry Triplet brought this action against Northwest Airlines, the Little Rock Municipal Airport Commission, and the City of Little Rock, Arkansas, for breach of contract, violations of the Arkansas Civil Rights Act, ARK. CODE ANN. § 16-123-101, *et seq.*, and the Air Carrier Access Act, 49 U.S.C. § 41705, and for negligence, battery, outrage, and fraud. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367. The Little Rock Municipal Airport Commission moved for partial judgment on the pleadings and the City of Little Rock moved for judgment on the pleadings. Triplet has responded to both motions and has agreed to the dismissal of all claims against the City of Little Rock. Furthermore, Triplet does not object to the dismissal of the breach of contract action against Little Rock Municipal Airport Commission or to the dismissal of the claim under the Air Carrier Access Act based on the fact that the Commission is not an "air carrier" and does not engage in "air transportation" under the act. The Airport Commission also contends that it is immune from tort liability pursuant to ARK. CODE ANN. § 21-9-301, which Triplet opposes.

Judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is appropriate when there are no material issues of fact to be resolved and the movant is entitled to judgment as a matter

of law. *Faibisch v. University of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002). In considering a motion for judgment on the pleadings, the Court accepts as true all facts pleaded by the non-moving party and grants all reasonable inferences from the pleadings in favor of the non-moving party. *Syverson v. FirePond, Inc.*, 383 F.3d 745, 749 (8th Cir. 2004). The same standard of review for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) governs a motion for judgment on the pleadings under Rule 12(c). *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555, 127 S. Ct. at 1964-65.

> Section 21-9-301 of the Arkansas code provides:
>
> It is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, special improvement districts, and all other political subdivisions of the state and any of their boards, commissions, agencies, authorities, or other governing bodies shall be immune from liability from suit for damages except to the extent that they may be covered by liability insurance.

ARK. CODE ANN. § 21-9-301(a). The Airport Commission is a municipal corporation of the City of Little Rock as authorized by the Airport Commission Act, ARK. CODE ANN. §§ 14-359-101 *et seq.* Therefore, The Airport Commission is entitled to immunity for Triplet's negligence claim, except to the extent that it is covered by liability insurance. The Airport Commission Act is silent on the specific issue of whether such commissions are required to carry liability insurance, although it is clear that the commissioners have "unlimited authority to operate, manage, maintain, improve, and extend the municipality owned airport and its related properties and facilities, and to have full and

complete charge of it." ARK. CODE ANN. § 14-359-109(b).  The Airport Commission has not addressed whether there is liability insurance, and it has not argued that the exception for liability insurance does not apply.  Therefore, the Commission is entitled to immunity only to the extent that it is not otherwise covered by liability insurance, and Triplet is entitled to discovery on the issue of whether the Airport Commission carries liability insurance and whether there is a possibility of coverage.  *See West Memphis School Dist. No. 4 of Crittenden County v. Circuit Court of Crittenden County*, 316 Ark. 290, 295, 871 S.W.2d 368, 371 (1994).

Triplet argues that section 21-9-301 of the Arkansas code does not provide immunity for intentional torts.  Under Arkansas law, municipal employees enjoy immunity from suit under the statute for their negligent acts, but not for their intentional acts.  *City of Farmington v. Smith*, 366 Ark. 473, 478, 237 S.W.3d 1, 4 (2006); *West Memphis School Dist. No. 4*, 316 Ark. at 295, 871 S.W.2d at 371; *Deitsch v. Tillery*, 309 Ark. 401, 407, 833 S.W.2d 760, 762 (1992); *Waire v. Joseph*, 308 Ark. 528, 534, 825 S.W.2d 594, 598 (1992); *Battle v. Harris*, 298 Ark. 241, 245, 766 S.W.2d 431, 432 (1989).  However, Triplet's complaint has not identified any employees or individuals associated with the Airport Commission as being directly involved in Triplet's incident.  The only reference to the Airport Commission is in paragraph 39 of the complaint:

> The City of Little Rock and the Little Rock Municipal Airport Commission have responsibility for running the airport and along with Northwest Airlines had responsibility for providing accommodations for disabled persons and means of getting on airplanes and so are responsible for what happened to Plaintiff.

Under Arkansas law, a claim for intentional tort must include allegations of an intentional or deliberate act by an actor "with a desire to bring about the consequences of the act." *Miller v. Ensco, Inc.*, 286 Ark. 458, 460, 692 S.W.2d 615, 617 (1985).  With respect to Triplet's claims for outrage,

3

battery, and fraud, Triplet has not named a deliberate act by an actor who is an employee of or associated with the Airport Commission. Without any allegations of intentional acts on the part of the Airport Commission, Triplet's claims for outrage, battery, and fraud against the Airport Commission must be dismissed.

## CONCLUSION

The claims against the City of Little Rock are dismissed, so the City's motion for judgment on the pleadings is granted. Document #20. The claims against the Little Rock Municipal Airport Commission for breach of contract, outrage, battery, fraud, and the claims under the Air Carrier Access Act, 49 U.S.C. § 41705, are dismissed. The Little Rock Municipal Airport Commission is immune from suit for negligence claims except to the extent that they may be covered by liability insurance. The Airport Commission's motion for partial judgment on the pleadings is granted in part and denied in part. Document #16. Since the federal question claim against Northwest Airlines remains, this Court retains supplemental jurisdiction over the remaining state law claims against the Airport Commission under 28 U.S.C. § 1367.

IT IS SO ORDERED this 24th day of June, 2009.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE